THE PEOPLE, *ex. rel.* COLVIN, *against* THE JUDGES OF ONONDAGA C. P.

Where judg-
ment was a-
gainst two be-
fore a justice;
but qualified
as to one be-
cause he had
been discharg-
ed under the
body act; and
the other alone
appealed; *held,*
that the appeal
bond need not
provide for the
surrender of
[*121]
the insolvent's
body in exe-
cution.

ON return to an alternative mandamus, it appeared that Colvin, the relator, recovered judgment against Farnham and Clark before a justice of Onondaga county, Clark having pleaded the general issue, and Farnham a discharge of his body from imprisonment under the insolvent act. The judgment was qualified against Farnham, so as not to allow execution against the body ; and Clark alone appealed to the C. P. in the name of both defendants. The condition of the appeal bond, which was not executed by Farnham, was, that Clark alone should pay, &c., or surrender his body in execution ; and made no provision *as to payment by, or the surrender of the body of Farnham, in any event.

On motion to the C. P. to quash the appeal upon this ground, the court refused to interfere ; and

A motion was now made for a mandamus to compel them to quash the appeal.

*F. G. Jewett,* for the motion, cited 4 Cowen, 61 ; 19 John. 33.

*B. D. Noxon,* contra, cited 5 Cowen, 34.

*Curia.* Though the appeal was by one defendant, the whole cause was removed; and the only question is, whether the bond should have made provision for payment, or a surrender of the bodies of both of the defendants before the justice. Ordinarily, this provision should extend to all the appellants; but in this case it would have been utterly useless as to Farnham, whose body had been discharged. His imprisonment must, of course, be followed by an immediate discharge; a circuity which would be useless.

*ALBANY,*
*Feb. 1828.*

